IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ABEL M. RAMON** | § | |
| | § | |
| **V.** | § | A-13-CA-668-SS |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); Respondent's Motion to Dismiss (Document 12); Petitioner's Objection to Respondent's Answer and Brien in Support (Document 13); and Petitioner's Supplemental Appendix (Document 16). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### I.  STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas. In cause number 10-

1394-K368, Petitioner pleaded guilty to one count of burglary of a habitation with intent to commit assault and one count of aggravated assault with a deadly weapon. Pursuant to his plea agreement, the State dismissed a charge of evading arrest with a motor vehicle, and Petitioner pleaded true to the penalty paragraphs and that he used a deadly weapon. He was sentenced to 30 years in prison for each count on March 9, 2011. Petitioner's sentences were ordered to run concurrently. As part of the plea agreement, Petitioner also pleaded guilty to the felony offenses of possession of a controlled substance with intent to deliver and unlawful possession of a firearm arising out of a separate criminal transaction under another cause number. Petitioner was sentenced to 30 years on each of those counts, and his sentences were ordered to run concurrently with each other and with his sentence in cause number 10-1394-K368.

Petitioner did not appeal his convictions. He did, however, challenge his convictions in a state application for habeas corpus relief. Ex parte Ramon, Appl. No. 78,932-01 at 5-16. Petitioner executed his state application on November 1, 2012. Id. at 15. The application was file-marked on November 5, 2012. Id. at 5. The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on February 20, 2013. Id. at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner claims his guilty plea was involuntary due to the ineffectiveness of his trial counsel. Petitioner believes counsel failed to investigate his mental competency prior to him entering his guilty plea. Petitioner further claims counsel was ineffective for failing to investigate whether he was insane at the time he committed his offenses. Petitioner also claims he is actually innocent due to his alleged insanity.

Specifically, Petitioner asserts he was diagnosed with Type II diabetes and hypertension one and half years before he committed the offenses of aggravated assault, burglary of a habitation and evading arrest with a motor vehicle. While confined in jail after his arrest, Petitioner asserts he was given medicine to treat his medical conditions and to help him sleep. He contends these medications were "psychiatric medications" and he was also being treated for depression. He complains his attorney did not investigate his medications to determine whether he was competent when he pleaded guilty. Petitioner also contends on the night he committed his offenses he must have developed Diabetic Ketoacidosis ("DKA"), which would have caused him to suffer from psychotic symptoms, thus rendering incompetent or insane at the time of the offense. As proof he asserts he received emergency medical treatment for diabetes immediately after his arrest.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner contends he did not discover the factual predicate of his claims until July 7, 2012, when he learned DKA can create psychotic factors and when he received evidence of the precise medications he was taking in jail. As pointed out by Respondent, section 2244(d)(1)(D) is not triggered when one discovers the factual predicate for his claims but when one could have discovered the factual predicate using due diligence. Because the factual predicate of Petitioner's claim could have been discovered at the time his conviction became final, the timeliness of Petitioner's application should be evaluated under section 2244(d)(1)(A).

      Petitioner's conviction became final, at the latest, on April 8, 2011, at the conclusion of time during which he could have appealed his conviction. See Tex. R. App. P. 26.2(a). Therefore, Petitioner had until Monday, April 9, 2012, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until July 12, 2013, after the limitations period had expired. Petitioner's state application did not operate to toll the limitations period, because it was executed on November 1, 2012, also after the limitations period had expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

      Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court

recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998).

To demonstrate actual innocence, Petitioner contends that he may have been insane at the time he committed his offenses. He offers very little evidence to support this claim, other than his own statements regarding his Type II diabetes. When presented with this claim in the state habeas proceedings, the trial court concluded that

> the documentation of medical treatment submitted by Applicant himself indicates that when he was treated he was alert. There is no mention in any of the documentation that Applicant was mentally impaired in any way.

Dkt. No. 16 at 34. The same is the case here. The records from when Petitioner was seen by the triage medical officer on the day of his arrest reflect that he was answering questions appropriately at that time, and say nothing about Petitioner acting psychotic before or during the examination which led to the officer suggesting that Petitioner be taken to an emergency room for treatment of

a potential diabetic emergency. Reviewing the evidence before it, the Court concludes that Petitioner has failed to show he was actually innocent of the crimes to which he pled guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE